**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4357**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

OCIE LEE BLACK, JR.,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:08-cr-00470-CCB-1)

Submitted:  February 25, 2011        Decided:  March 18, 2011

Before WILKINSON, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Ebise Bayisa, Staff
Attorney, Greenbelt, Maryland, for Appellant.   Rod J.
Rosenstein, United States Attorney, Judson, T. Mihok, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ocie Lee Black, Jr., pled guilty to receiving material shipped and transported in interstate commerce depicting minors engaged in sexually explicit conduct, in violation of 18 U.S.C.A. § 2252(a)(2) (West Supp. 2010) (Counts 1, 2), and possession of material shipped and transported in interstate commerce depicting minors engaged in sexually explicit conduct, in violation of 18 U.S.C.A. § 2252(a)(4)(B) (West Supp. 2010) (Count 3).

The court sentenced Black to 292 months of imprisonment for Counts 1 and 2, and to a 240-month sentence for Count 3, all counts to run concurrent to each other. This gave Black a total of 292 months of imprisonment, with eighty-two months imposed to run concurrent to the state sentence that Black was then serving. Alternatively, the court imposed a 210-month federal sentence imposed to run consecutively to his state sentence.

Black timely appeals, arguing that the district court improperly balanced the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors in the process of his sentencing, resulting in a substantively unreasonable sentence. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S.

2

38, 51 (2007).  In so doing, we first examine the sentence for "significant procedural error," including failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.  Gall, 552 U.S. at 51.  If there is no significant procedural error, we "then consider the substantive reasonableness of the sentence imposed."  Id.

As noted above, however, Black only objects to the substantive reasonableness of his sentence.  Nonetheless, Black was sentenced within a properly-calculated advisory Sentencing Guidelines range and this court presumes on appeal that such a sentence is substantively reasonable.  See Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding permissibility of appellate presumption of reasonableness for within-guidelines sentence); United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007) (same).  Accordingly, we affirm Black's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED